IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

LINDA G. EDWARDS,                          :
                                           :
                Plaintiff,                 :
                                           :
        VS.                                :
                                           :        **7 : 10-CV-132 (HL)**
MICHAEL J. ASTRUE,                         :
Commissioner of Social Security,           :
                                           :
                Defendant.                 :
_____

## RECOMMENDATION

The above-styled Social Security appeal is presently before the Court on Plaintiff's Motion for Attorney's Fees.  (Doc. 11).  On February 28, 2011, the district court entered an order reversing the Commissioner's decision in this matter and remanding it to the administrative level for further proceedings.  (Doc. 9).  On April 22, 2011, Plaintiff filed a Motion for Attorney's Fees pursuant to 28 U.S.C. § 2412(d), a provision of the Equal Access to Justice Act, and 42 U.S.C. § 406(b), a provision of the Social Security Act.  (Doc. 11).  Plaintiff's attorney seeks an award of attorney's fees in the amount of $ 1012.72, based on an hourly rate of $177.67 for 5.70 attorney work hours. *Id.*  The Commissioner filed a Response objecting to the hourly rate requested.  (Doc. 12). Additionally, the Commissioner objects to the attorney's fees being paid directly to Plaintiff's counsel, and instead requests that the attorney's fees be paid directly to Plaintiff.

DISCUSSION

The Equal Access to Justice Act ("EAJA"), as codified at 28 U.S.C. § 2412(d)(1)(A), provides that "a court shall award to a prevailing party other than the United States fees and other expenses, . . . incurred by that party in any civil action . . . brought by or against the United States in

any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."  Subsection (d)(2)(A) further provides that awards of attorney's fees shall be based on prevailing market rates for comparable services, but that fees in excess of $125 per hour shall not be awarded, "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."

Herein, the Commissioner concedes that Plaintiff is the prevailing party, however the parties disagree as to the hourly rate at which Plaintiff's counsel should be compensated.

*Hourly rate*

The Commissioner objects to Plaintiff's request using the 2011 Consumer Price Index ("CPI") rate for work that was performed in 2010, and requests the Court apply the historical rate of $ 175.06 for hours billed in 2010.  (Doc. 12).

Reimbursement of expenses shall be awarded using the current rates, rather than the historic rates, only when there is an exceptional delay that warrants an enhancement.  *Gray ex rel. Alexander v. Bostic*, 613 F.3d 1035, 1045 (11th Cir. 2010); *see also Hartage v. Astrue*, 2011 WL 1123401 (M.D. Ga. Mar. 24, 2011) (finding that there was no exceptional delay in a social security case so the attorney's fees were awarded based on the historic rate for the year the services were performed).  In *Hartage v. Astrue*, 2011 WL 1123401 (M.D.Ga.) (CDL), the Court held that the reasonable attorney's fees must reflect the year in which the work was performed and that "enhancements to compensate for a delay in payment should be reserved for unusual cases, such as cases 'where the delay is unjustifiably caused by the defense.'"  *Id.* at *2 (quoting *Perdue v. Kenny A. ex rel. Winn*, 130 S.Ct. 1662, 1675 (2010)).

Herein, Plaintiff's attorney completed  billable hours in 2010 and billable hours in 2011.  As

there is no evidence of an exceptional delay that would result in an enhancement of attorney's fees, the historic rates, calculated using the November 2010 CPI rate and the average of the CPI rates for the first four months of 2011, should be applied to the hours billed in 2010 and 2011.  Thus, the Court finds that the Plaintiff is entitled to $1005.98 in attorney's fees, detailed in the following chart:

| Year | Hours Expended | Hourly Rate | Total |
|------|----------------|-------------|-------|
| 2010 | 4.1 | $175.66 | $720.206 |
| 2011 | 1.6 | $178.61 | $285.776 |
| Total | | | $ 1005.98 |

### *Assignment of EAJA fees*

Plaintiff has requested that the award of attorney's fees be paid by direct deposit into Plaintiff's counsel's bank account.  (Doc. 11).  The Commissioner objects to the request that the fee be paid directly to Plaintiff's counsel, and asks that the fee be paid to Plaintiff.  (Doc. 12).

The EAJA statutory language "'prevailing party' unambiguously directs the award of attorney's fees to the party who incurred those fees and not to the party's attorney." *Reeves v. Astrue*, 526 F.3d 732, 735 (11th Cir. 2008).  The attorney's fee award is subject to an offset to satisfy any pre-existing debt owed to the Government by a litigant. *Astrue v. Ratliff*, 130 S.Ct. 2521, 2524 (2010).  The Commissioner may award attorney's fees directly to Plaintiff's counsel if the fee has been assigned to the attorney and Plaintiff has no outstanding federal debt. *Id.* at 2529. The Commissioner asserts that a determination regarding whether Plaintiff has an outstanding debt will be made after the court awards EAJA fees .  (Doc. 12).

Further, the Commissioner states that Plaintiff has executed a document which assigns the right of the attorney's fees to his attorney; however, the assignment is invalid. *Id.*  Under the Anti-

Assignment Act, an assignment is valid "only after a claim is allowed, the amount of the claim is decided, and a warrant for payment of the claim has been issued."  31 U.S.C. § 3727(b).  Thus, any document assigning rights to Plaintiff's counsel is invalid because no claim has been allowed and no amount has been decided.  Additionally, the Commissioner has not agreed to waive the requirements of the Anti-Assignment Act.  (Doc. 12).  As the attorney's fees are to be paid to the prevailing party and there is no indication of a valid assignment herein, it is recommended that the award of attorney's fees  be paid directly to the Plaintiff.

***Social Security Act fees***

Plaintiff also requests that he be given thirty (30) days after the date of the Social Security closeout letter to file a motion for attorney's fees under 42 U.S.C. § 406(b).  Under §406(b), a plaintiff can recover maximum attorney's fees in the amount of twenty-five percent (25%) of Plaintiff's past-due benefits.  42 U.S.C. § 406(b).  Fees may be awarded under both the Social Security Act and the EAJA, but the plaintiff's attorney must refund the smaller fee award to the plaintiff.  *Jackson v. Commissioner of Social Security*, 601 F.3d 1268, 1271 (11th Cir. 2010).  As it is necessary for the Court to know the amount of past-due benefits, it is recommended that the Plaintiff be given thirty (30) days after the date of the closeout letter to file for fees under § 406(b).  *See* U.S. M.D.Ga. Standing Order 2009-01.

## Conclusion

The undersigned accordingly RECOMMENDS that Plaintiff's Motion for Attorney's Fees be **GRANTED IN PART as follows** :  Plaintiff be awarded fees for 5.7 hours of his attorney's work in the amount of $1005.98 to be paid directly to Plaintiff, rather than to Plaintiff's counsel.  The Court further RECOMMENDS that Plaintiff be given thirty (30) days after the date of the closeout letter to file for fees under 42 U.S.C. § 406(b).  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file

written objections to the recommendations contained herein with the Honorable Hugh Lawson,

United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of

this Recommendation.

**SO RECOMMENDED**, this 11th day of October, 2011.

s/ **_THOMAS Q. LANGSTAFF_**

UNITED STATES MAGISTRATE JUDGE